UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAKIARAH Q.,[1]

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 2:20-cv-9583
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Shakiarah Q. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    PROCEDURAL HISTORY**

On March 9, 2017, Plaintiff protectively filed an application for benefits, alleging that she has been disabled since June 30, 2015. R. 61, 70, 158–60. The application was denied initially

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

and upon reconsideration. R. 83–87, 91–93. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 94–96. Administrative Law Judge ("ALJ") Leonard Costa held a hearing on December 17, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 29–60. In a decision dated March 7, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 9, 2017, Plaintiff's alleged disability onset date, through the date of that decision. R. 14–23. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 3, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On April 30, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[3] On that same day, the case was reassigned to the undersigned. ECF No. 11. The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

> record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the

burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 33 years old on March 9, 2017, *i.e.,* the date on which her application was filed. R. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the ALJ's decision. R. 16.

At step two, the ALJ found that Plaintiff's status-post left labral tear repair and status-post ORIF left ankle surgery in 2016 were severe impairments. *Id.*

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R.16–17.

At step four, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work. R. 17–21. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a fast food worker. R. 21.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*e.g.*, approximately 169,120 jobs as an order clerk; approximately 2,967,920 jobs as a laundry worker; approximately 1,014,900 jobs as a telephone information clerk—existed in the national economy and could be performed by Plaintiff. R. 21–22. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 9, 2017, her alleged disability onset date, through the date of the decision. R. 23.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Acting Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Moving Brief,* ECF No. 17. The Acting

Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24.

## IV.   DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination because it is impossible to understand, is unsupported by any articulated rationale, and is therefore judicially unreviewable. *Plaintiff's Moving Brief*, ECF No. 17. This Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. § 416.945(a)(1). At the administrative hearing stage, it is the administrative law judge who is charged with determining the claimant's RFC. 20 C.F.R. §§ 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform <u>sedentary work as defined in 20 CFR 416.967(a)</u> except that the *claimant can **sit** for a total of six hours in a typical eight-hour day, but <u>for no more than one hour at a time before needing to **sit** two to three minutes</u>*; can occasionally climb ramps and stairs, stoop, kneel, crouch, balance and crawl; can never climb ladders, ropes or scaffolds; can occasionally push and/or pull of controls with the left upper and/or left lower extremity; is unable to perform overhead reaching with the non-dominant left arm; is able to understand, remember and carry out simple instructions with only occasional changes to essential job functions and is able to make simple work-related decisions.

R. 17 (emphasis added).

Plaintiff argues, *inter alia*, that this RFC is incomprehensible because it specifies that Plaintiff can work only six hours a day, all of that time sitting, but that Plaintiff can sit for no more than one hour at a time, at which point she must sit for an additional two to three minutes. *Plaintiff's Moving Brief*, ECF No. 17, pp. 15–17. This RFC is further flawed, Plaintiff argues, because there is no mention of a capacity for standing and/or walking or for lifting/carrying. *Id*. Plaintiff goes on to argue that the RFC's rationale supporting the determination is incomprehensible because the ALJ purported to explain the RFC by referring to medical opinions that he had earlier in the decision discounted. *Id.* at 17–18. Specifically, the ALJ assigned "little weight" to the opinions of the state agency reviewing consultants, Arthur Pirone, M.D., and Isabella Rampell, M.D., and only "[s]ome weight" to "the *diagnosis* of orthopedic surgeon Michael T. Lu, M.D., the claimant's treating source, of shoulder instability[.]" *Id.* (citing R. 20–21) (emphasis added). According to the ALJ, his RFC determination "is supported weighing of the opinions of Dr. Pirone, Dr. Rampello and Dr. Lu consistent with a finding that the claimant is capable of working at the sedentary exertional level with additional limitations

9

allowing her to perform work within the parameters adopted here as set forth in detail at finding 4." R. 21. Plaintiff characterizes this rationale as "an evidentiary bridge to nowhere in defense of an RFC that makes little sense[.]" *Plaintiff's Moving Brief*, ECF No. 17, pp. 17–18.

The Acting Commissioner counters that the ALJ adequately addressed Plaintiff's left ankle injury and her left shoulder impairment, and associated pain. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24, pp. 9–11. According to the Acting Commissioner, the ALJ's RFC limitation to *sitting* for six hours was merely a typographical error, and the ALJ actually intended an RFC that included a limitation to *standing* for six hours, for no more than one hour at a time before needing to sit two or three minutes. *Id*. at 12 (citing R. 17). In support of this argument, the Acting Commissioner refers to the ALJ's series of hypothetical questions posed to the vocational expert during the administrative hearing. *Id*. (citing R. 55–57). The Acting Commissioner goes on to argue that, because the ALJ relied on representative sedentary occupations that could be performed by Plaintiff, the "inadvertent typographical error in the RFC finding did not prejudice Plaintiff[.]" *Id*. (citing R. 22).

The Acting Commissioner's arguments are not well taken. The ALJ's decision is replete with confusing language and apparent misstatements. The most significant is, as Plaintiff points out, the ALJ's RFC determination that provides, *inter alia*, for sedentary exertion "except that the claimant can *sit for six hours* in a typical eight-hour day, but for no more than one hour at a time *before needing to sit two to three minutes*[.]" R. 17 (emphasis added). This RFC is simply incomprehensible. Moreover, the Court agrees with Plaintiff that the ALJ's defense of this RFC– that it "is supported weighing of the opinions" of two state agency reviewing consultants whose opinions he actually rejected and of one treating physician to whose opinion he assigned "some weight," R. 21–is similarly incoherent and does nothing to permit meaningful review of that

10

RFC determination. *See Jones,* 364 F.3d at 505 (stating that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"); *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

As noted above, the Acting Commissioner insists that the RFC's limitation to sitting for six hours was a typographical error and that the hearing transcript establishes that the ALJ really meant to say that Plaintiff could *stand* for six hours, for one hour at a time before needing to *sit* for two to three minutes. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 24, p. 12 (citing R. 17, 55–57). As a preliminary matter, such an interpretation is strained, considering the fact that the ALJ repeatedly stated that he was restricting Plaintiff to sedentary work. R. 16 (finding that Plaintiff had the RFC "to perform sedentary work as defined in 20 CFR 416.967(a)"), 20 ("[T]he the undersigned has restricted the claimant to sedentary exertional work with additional limitations."), 21 ("[T]he claimant is able to perform sedentary exertional work with additional limitations."). However, even if the Court accepts the Acting Commissioner's argument that the ALJ intended to articulate an RFC that contemplated standing for six hours– which the Court does not–reliance on the hearing transcript does not clarify the matter nor does it convince the Court that the ALJ's error in this regard was harmless. "Sedentary work" is defined by the Commissioner as work "which involves sitting, [and] a certain amount of walking and standing is often necessary in carrying out job duties. *Jobs are sedentary if walking and standing are required occasionally* and other sedentary criteria are met." 20 C.F.R. § 416.967(a); *see also* SSR 83-10, 1983 WL 31251, at *5 ("Jobs are sedentary *if walking and standing are*

11

*required occasionally* and other sedentary criteria are met." The Commissioner also defines "occasionally" as meaning "occurring from very little up to one-third of the time. *Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday*." *Id*. (emphasis added).

In this case, the ALJ posed a series of hypothetical questions to the vocational expert and the vocational expert responded as follows:

> Q Thank you. All right. Mr. Daly, I would ask you, please, to assume a hypothetical individual of the same age, education, and past work experience as that of the Claimant. To further assume that the individual, in the first hypothetical, would be limited to the <u>light exertional base</u> *with the following additional limitations*. *The individual would only be* <u>able to stand for a total of six hours in a typical eight-hour day</u>, *but for no more than one hour at a time before needing to* <u>sit for two to three minutes</u>. They can only occasionally climb ramps and stairs, stoop, kneel, crouch, balance, or crawl. Never climb ladders, ropes or scaffolds. Could only occasionally push or pull control with the left upper and or left lower extremity. And could perform no overhead reaching with the nondominant left arm. With just those limitations, would such an individual be able to perform [Plaintiff's] past work. . .?
>
> A No, Your Honor.
>
> Q Would there be any jobs existing that such an individual could perform?
>
> A There would. Such an individual could perform the work of a cashier II. The DOT code is 11.46 -010. It's an SVP of 2, a light physical demand level. There are 59,600 jobs in the national economy. Such an individual could perform the work of a counter clerk. The DOT code is 249.366-010. It's an SVP of 2. It's a light physical demand level. There are 445,530 jobs in the national economy. Such an individual could perform the work of toll collector. The DOT code is 11.46 038. It's an SVP of 2. It's a light physical demand level. There are 33,184 jobs in the national economy.
>
> Q Thank you. And just so I'm clear, also, Mr. Daly, the sit/stand option, as well as, the overhead reaching, is that something that's contained in the DOT or is that based on your professional experience?
>
> A It's based on my professional experience, Your Honor.

Q Thank you. And, Mr. Daly, if I were to add to that first hypothetical that the individual would be limited to understanding, remembering, and carrying out simple instructions with only occasional changes to essential job functions, and would be able to make simple work-related decisions, would the representative jobs that you provided me, still exist?

A They would, Your Honor.

Q Thank you. Mr. Daly, for the next hypothetical, I'm going to ask you to please <u>assume those same limitations</u> that we just discussed in the first part of the hypo, <u>but to limit the individual to sedentary work</u>, would there be any jobs existing that such an individual could perform?

A There would –

Q And that's without the simple, unskilled work for the first part.

A There would, Your Honor. We're talking occasional reaching and handling with the left?

Q No. No. Just the overhead reaching. There would be no overhead reaching. Handling and fingering objects are okay.

A Such an individual could perform the work of an *order clerk*. The DOT code is 209.567 014. It's an SVP of 2. It's a sedentary occupation. There are 169,120 jobs in the national economy. Such an individual could also perform the work of a *document preparer*. The DOT code is 249.587-018.[4] It's an SVP of 2. It's a sedentary occupation. There are 2,967,920 jobs in the national economy. Lastly, such an individual could perform the work of a *telephone information clerk*. The DOT code is 237.367-046. It's an SVP of 2. It's a sedentary occupation. There are 1,014,900 jobs in the national economy.

Q Thank you. And again, Mr. Daly, if I were to add to that hypothetical, to limit the individual to understanding, remembering, and carrying out only simple instructions with only occasional changes in essential job functions, and would be able to make simple work related decisions, would those representative jobs still exist?

A They would, Your Honor.

---

[4] The ALJ incorrectly identified this job as laundry, laborer, but used the same DOT code that the vocational used to identify the job of document preparer. R. 22.

13

R. 54–57 (emphasis added). As this transcript reflects, the ALJ presented a hypothetical question to the vocational expert that conflicted with the statutory definition of sedentary work: he first asked the vocational expert to assume an individual who could, *inter alia*, "stand for a total of six hours in a typical eight-hour day, but for no more than one hour at a time before needing to sit for two to three minutes[,]" R. 55, but then incorporated these same limitations on a hypothetical individual who was capable of only "sedentary work[,]" R. 56, which requires, *inter alia*, an ability to stand or walk only occasionally, *i.e.*, up to one-third or two hours of an eight-hour workday. 20 C.F.R. § 416.967(a); SSR 83-10, 1983 WL 31251, at *5. This record is, quite simply, incomprehensible. The Court is unable, under these circumstances, to conclude that the ALJ's errors in the flawed RFC determination are harmless typographical errors. *See id.*; *Sanford*, 2014 WL 1294710, at *2. The Court therefore concludes that the decision of the Acting Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of these issues.[5]

## V.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  October 26, 2022               *s/Norah McCann King*
                                    NORAH McCANN KING
                                UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the RFC determination and Plaintiff's physical abilities and limitations, the Court does not consider those claims.